UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| **RICKY DAVIS,** | ) | | |
| | ) | | |
| *Plaintiff,* | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| **KNOX COUNTY SHERIFF'S** | ) | No. | 3:15-cv-303 |
| **DEPARTMENT; and J.J. JONES, TERRY** | ) | | REEVES/GUYTON |
| **BRANSON, L.B. STEELE, KELVIN** | ) | | |
| **MOXLEY, and JESSE RUDD in their** | ) | | |
| **official and individual capacities,** | ) | | |
| | ) | | |
| | ) | | |
| *Defendants*. | | | |

## MEMORANDUM OPINION AND ORDER

Ricky Davis, Sr., filed this suit on July 15, 2015. He named as defendants the Knox County Sheriff's Office and several officers. Davis served process on these parties by leaving the complaints and summonses with a Sheriff's Office receptionist.

On November 9, 2015, Defendants moved to dismiss. They argued that Davis did not properly serve them and that, even if he had, he has not stated a valid claim. In their motion to dismiss, Defendants invited Davis to speak with them about waiving service of process. Davis never took Defendants up on their offer, so they withdrew it on February 23, 2017—over 550 days after this suit began.

Now before the Court is Defendants' motion to dismiss. Because Davis has not properly served Defendants, the motion is granted. The Court does not consider whether Davis has stated a valid claim against Defendants.

1

# I

## A

Defendants first move to dismiss under Federal Rule of Civil Procedure 12(b)(5). They argue that Davis has failed to service process on them according to Rule 4. There are two categories of defendants here: the Knox County Sheriff's Office ("KCSO") and the individual officers. KCSO is an arm of the Knox County Government, not a separate legal entity. *See* KNOX COUNTY CHARTER § 4.02. As a result, there are two ways that Davis could have served it:

- Delivering a copy of the summons and complaint to the County's chief executive officer; or

- Following Tennessee law for serving a local government.

FED. R. CIV. P. 4(j)(2). Defendants contend that Davis did not serve KCSO in either way.

The Court agrees. Davis did not deliver a copy of the summons and complaint to the Knox County Mayor, its CEO. See Tenn. Code Ann. § 5-6-101(d)(1). Instead, he served Elizabeth Beeler, a KCSO receptionist. Beeler is not an agent of the Knox County Mayor. As a result, she cannot accept service on his behalf.

Neither did Davis follow Tennessee law in serving KCSO. Counties may be served by delivering the summons and complaint to the county's mayor. Tenn. R. Civ. P. 4.04(7). Again, Davis served only a KCSO receptionist. He has thus failed to properly serve KCSO.

## B

Service on individuals within the United States is governed by Rule 4(e). It provides several ways of serving them:

- Doing any of the following:

1

- Personally delivering a copy of the summons and complaint;

- Leaving a copy of each at the individual's dwelling or usual place of abode with someone who resides there and is of suitable age and discretion; or

- Delivering a copy of each to the individual's agent; or

- Serving an individual as if he were being sued in Tennessee circuit court.

When suing a competent adult in Tennessee circuit court, however, Tennessee law provides the same three methods of services as does Rule 4(e). *See* TENN. CODE ANN. § 4.04(1). Thus, for all intents and purposes, Davis had to deliver the summons and complaint against each officer personally, at their homes, or with their agents. The County argues that Davis followed none of these.

Here, too, the Court agrees. As with KCSO, Davis left the officers' summonses and complaints with Beeler. Thus, he did not personally deliver them to the officers or leave them at their homes. And as Beeler testified in her declaration, she is not authorized to receive service for KCSO police officers. Davis has failed to properly serve any of the defendants.

II

Because Davis has not properly served the Defendants, the Court cannot consider whether Davis's complaint fails to state a claim. This is because "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). And without personal jurisdiction, a court is powerless to proceed to the merits. *Id.* As explained above, Davis did not provide proper service of process. Unless Defendants have consented to this Court's jurisdiction over them, waived objections to jurisdiction, or forfeited their right to object, the Court cannot proceed to the merits.

2

None of these have happened. Defendants have not consented to the Court's jurisdiction over them. To be sure, they have not objected to it. But this alone does not imply consent. *See id.* at 655 (noting that defendants moved to dismiss only for insufficient service of process). Instead, what matters is whether Defendants' conduct implies consent.

It does not. Implied consent exists when (1) Defendants' conduct has given Davis a reasonable expectation that they will defend the suit on the merits, or (2) Defendants have caused the Court to go to "some effort" that would be wasted if personal jurisdiction were later found lacking. *Id.* at 659. All that Defendants have done here is file a motion to dismiss. This falls far below what's required to imply consent to a court's jurisdiction. *See id.* at 660.

They have also not waived their right to object to jurisdiction. A defendant may waive this right by failing to include the objection in a Rule 12 motion. *Id.* at 656. Defendants, however, have included their service-of-process argument in their Rule 12 motion. And for this same reason, Defendants have not forfeited their right to object to the Court's jurisdiction. *See id.* at 657.

Davis did not properly serve Defendants, Defendants have not consented to the Court's jurisdiction, and they have properly objected to it. As a result, the Court lacks jurisdiction over this case and cannot proceed to Defendants' Rule 12(b)(6) argument. Defendants' motion is **GRANTED**. And absent misconduct, cases lacking jurisdiction are dismissed without prejudice. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). Accordingly, Davis's claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**